1 Jordan T. Porter, Esq. (SBN 250112)
2 LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
3 Santa Barbara, CA 93101
Phone: (805) 897-1830
4 Fax: (805) 897-1834
Email: jporter@jporter-law.com

5 Attorney for Plaintiff HARRY SLOAN

**VENTURA
SUPERIOR COURT
FILED**

JUN 11 2018

**MICHAEL D. PLANET**
Executive Officer and Clerk
BY:_____, Deputy

**AMBER RAMIREZ**

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone · (805) 897-1834 Fax
office@jporter-law.com

7 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 **FOR THE COUNTY OF VENTURA**

9

10 HARRY SLOAN     CASE NO. 56-2018-00513288-CU-BC-VTA

11     Plaintiff,     **COMPLAINT FOR:**

12     **1. BREACH OF CONTRACT;**
**2. BAD FAITH; and**
13 vs.     **3. DECLARATORY RELIEF**

14 STATE FARM GENERAL INSURANCE
COMPANY, and DOES 1 through 25, inclusive,
15
16     Defendants.

17

18

19     COMES NOW Plaintiff HARRY SLOAN, who alleges as follows:

20     1.     Plaintiff HARRY SLOAN is now, and at all relevant times was, a resident of the

21 County of Santa Barbara, State of California.

22     2.     Plaintiff is informed and believes, and thereon alleges, that Defendant STATE

23 FARM GENERAL INSURANCE COMPANY is California Corporation doing business as an

24 insurance company in all of the counties of this state, including as it relates to this lawsuit, County

25 of Ventura, State of California.

26 //

27 _____
**COMPLAINT**
28
Page 1

3.     Plaintiff does not know the true names or legal capacities of the Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues said Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when they are ascertained.

4.     Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE, is legally responsible in some manner for the matters herein alleged, and is legally responsible in some manner for causing the injuries and damages to Plaintiff as hereinafter alleged.

5.     Plaintiff is informed and believes and thereupon alleges that each Defendant, whether specifically named or designated herein as a DOE, was the agent, representative, servant, employee, principal, joint venture, co-conspirator, management company, and/or representative of each of the remaining co-Defendants, and in doing the acts hereinafter alleged, was acting within the course and scope of said agency, employment, joint venture, conspiracy, agreement, management company agreement, and/or service with the approval, knowledge, authority, permission, and/or consent of the remaining Defendants.

**GENERAL ALLEGATIONS**

6.     Plaintiff is the owner of a rental condominium located at 209 S. Ventura Road, Unit #35, Port Hueneme, California.

7.     On or about June 1, 2017, Defendant STATE FARM GENERAL INSURANCE COMPANY issued to Plaintiff a Rental Condominium Unitowners Policy bearing Policy Number 90-BV-4555-5 (the "Policy") effective for the policy term of June 1, 2017 through July 1, 2018.

8.     Under the terms of the aforementioned insurance policy, Defendant agreed to provide building property coverage to the Plaintiff, up to $29,000, and for actual loss of rents.

9.     On or about June 20 2017, Plaintiff experienced a loss covered by the Policy. Specifically, in an isolated event, the air gap on sink had become misaligned such that it overflowed dirty water from the dishwasher down the side cabinet, wall, and onto the floor of the unit.

LAW OFFICE OF JORDAN T. PORTER
225 E. Canillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone • (805) 897-1834 Fax
office@jtporter-law.com

**COMPLAINT**

1  Plaintiff's tenant did not use the dishwasher, and only ran it once, without dishes, because of belief

2  it should be run periodically.

3          10.     Plaintiff's tenant reported the wet floor near the sink to Plaintiff, who in turn

4  reported the same to condominium association.  The association in turn required Plaintiff to utilize

5  its remediation vendor to perform a moisture inspection under the mistaken belief there was a leak

6  in the pipes within the walls.  The association vendor determined the wet floor was due to an

7  isolated gray water discharge from the air gap, but because the water was gray water, the floor,

8  cabinet and part of the drywall had to be removed and replaced instead of dried.  There was no

9  evidence of repeated leaks or seeps from the air gap, but only an isolated event.

10          11.     Plaintiff timely made a claim to Defendant and complied with all Policy terms and

11  provisions.

12          12.     After several weeks, Defendant denied the claim, on the grounds "the predominant

13  cause of the damages was a continuous or repeated seepage or leakage of water from air gap.  There

14  were (sic) also evidence of wet and dry rot, and termites."

15          13.     At "COVERAGE A – BUILDING PROPERTY" of the Policy, Defendant agreed to:

16          ...[C]over items of real property which pertain directly to your unit and are your

17          insurance responsibility under the governing rules of the condominium.  This

18          includes building additions and alterations, installations or additions comprising a

19          part of the described unit.  This also includes your share of any association

20          deductive but only when the deductible is not assessed against all unitowners.

21          14.     The floor, cabinets, and drywall are all items of real property that pertain directly to

22  Plaintiff's unit.

23          15.     At "COVERAGE C – LOSS OF RENTS" of the Policy, Defendant agreed to:

24          1.      Fair Rental Value.  If a Loss Insured causes the residence premises rented to

25          others or held for rental by you to become uninhabitable, we cover its fair rental

26          value.  Payment shall be for the shortest time required to repair or replace the part of

27  **COMPLAINT**

28  Page 3

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone · (805) 897-1834 Fax
office@jtporter-law.com

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone · (805) 897-1834 Fax
office@inportec-law.com

1   the premises rented or held for rental but not exceeding 12 consecutive months form

2   the date of loss.  This period of time is not limited by expiration of this policy.  Fair

3   rental value shall not include any expense that does not continue while that part of the

4   residence premises rented or held for rental is uninhabitable.

5       16.     At "SECTION I – LOSSES INSURED, COVERAGE A – BUILDING PROPERTY,

6   COVERAGE B – PERSONAL PROPERTY AND COVERAGE D – LOSS ASSESSMENT,"

7   Defendant agreed to "insure for accidental direct physical loss to the property covered under this

8   policy as provided in Section I – Losses Not Insured."

9       17.     Plaintiff is informed and believes, and based thereon alleges no part of the Policy

10  describes "Losses Insured" or "Losses Not Insured" for "Coverage C – Loss of Rents."

11      18.     At "SECTION I - LOSSES NOT INSURED," in the "AMENDATORY

12  ENDORSEMENT (California)", the Policy states:

13      1.      We do not insure under any coverage for any loss consisting of the items in

14      paragraphs 2., 3., 4. Or 5. Below.  This exclusion does not apply if the loss is

15      caused by a peril which is not otherwise excluded.

16      2.      We do not insure for any loss to the property described in Coverage A,

17      Coverage B and Coverage D which is caused by one or more of the items below,

18      regardless of whether the loss occurs suddenly or gradually, involves isolated or

19      widespread damage, arises from natural or external forces, or occurs as a result of

20      any combination of these:

21      ...

22      j.      wet or dry rot;

23      ...

24      n.      birds, vermin, rodents, insects, or domestic animals.  We do cover the

25      breakage of glass or safety glazing material which is a part of a building, when

26      caused by birds, vermin, rodents, insects or domestic animals; or

27                          **COMPLAINT**

28                             Page 4

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone · (805) 897-1834 Fax
office@jportec-law.com

...

However, we do insure for any resulting loss from items a. through n. unless the resulting loss is itself a Loss Not Insured by this Section.

...

4.      We do not insure under any coverage for any loss which is caused by one or more of the items below, regardless of whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

...

c.      Water Damage, meaning:

...

(4)      continuous or repeated seepage or leakage of water or steam from a: (a) heating, air conditioning or automatic fire protective sprinkler system; (b) household appliance; or (c) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceiling or floor.

19.     Plaintiff is informed and believes and based thereon alleges the words "continuous," "leakage," and "seepage" are not defined in Plaintiff's Rental Condominium Unit-owner Policy, FP-6131, or endorsement FE-1205.1, and the usual meanings of those terms plainly illustrate that Plaintiff's damage was not caused by any category of "Water Damage" as described in the endorsement.

20.     Plaintiff is informed and believes, and thereon alleges that the usual meaning of the "continuous," "leakage," and "seepage," as set forth in a standard dictionary are:

Leakage: "the accidental admission or escape of a fluid or gas through a hole or crack;"

Seepage: "the slow escape of a liquid or gas through porous material or small holes;" and,

//

**COMPLAINT**

Page 5

Continuous: "forming an unbroken whole; without interruption."   Defendant's denial was not based on a hole or crack in the airgap, or water escaping through pinholes in the pipes, or through porous material.  Accordingly, there was no "leakage" or "seepage."

There was no hole or crack in the airgap.  Accordingly, there was not "leakage."

The water did not escape through pinholes in the pipe, or through porous material. Accordingly, there was no "seepage."

21.     Accordingly, Plaintiff's loss is a loss "not otherwise excluded," and the Defendant breached its contract in denying coverage of Plaintiff's claim.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

22.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 of this complaint, and incorporates same by reference as though set forth here in full.

23.     On or about June 1, 2017, Defendant STATE FARM GENERAL INSURANCE COMPANY issued to Plaintiff a Rental Condominium Unitowners Policy bearing Policy Number 90-BV-4555-5 (the "Policy") effective for the policy term of June 1, 2017 through July 1, 2018.

24.     Plaintiff has duly performed all, or substantially all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions on the policy of insurance.

25.     Defendant has breached the policy of insurance in denying Plaintiff's claim, as set forth herein.

26.     Defendant's breach of its contractual duties is a substantial factor in causing Plaintiff's harm.

//

//

//

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone • (805) 897-1834 Fax
office@jtptclaw.com

**COMPLAINT**

Page 6

1

2

## SECOND CAUSE OF ACTION

### (Bad Faith Against All Defendants)

3    27.   Plaintiff re-alleges and incorporates by reference each and every allegation contained

4    in paragraphs 1 through 26 of this complaint, and incorporates same by reference as though set forth

5    here in full.

6    28.   At all times relevant herein, Defendant STATE FARM GENERAL INSURANCE

7    COMPANY had a duty to act fairly and in good faith with Plaintiff in meeting its responsibilities

8    under the policy of insurance issued by Defendant to Plaintiff.   Defendant knew, or in the exercise

9    of good faith reasonably should have known, that Plaintiff was legally entitled to recover the benefit

10   under the aforementioned insurance policy, and that the Defendant was obligated to provide

11   Plaintiff the benefits under the insurance policy.

12   29.   Defendant further knew, or in the exercise of good faith reasonably should have

13   known, that the policy benefit was due to Plaintiff.   Defendant nevertheless, maliciously,

14   intentionally, and oppressively conducted itself willfully and wrongfully and refused, failed to, and

15   delayed the payment of the benefits of the policy to Plaintiff, despite the fact that the benefits under

16   the policy were due and payable to the Plaintiff and the Plaintiff was entitled to the full benefits of

17   the policy.

18   30.   Defendant unreasonably failed to pay Plaintiff's claim for benefits under the policy.

19   Plaintiff is informed and believes, and based thereon alleges that all acts of Defendant, as herein

20   alleged, were done with the prior approval of, with the knowledge of, and/or under the express

21   direction or ratification of an officer, director, or managing agent of Defendant, Darius Barb, the

22   senior claims specialist for defendant STATE FARM GENERAL INSURANCE COMPANY.

23   31.   As a proximate result of Defendant's wrongful conduct, as aforementioned, Plaintiff

24   has been denied the full receipt of his lawful insurance policy benefits.

25   32.   Defendant's actions in withholding, refusing, and delaying the payment of the policy

26   benefits were unreasonable and in bad faith.

27

28

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone · (805) 897-1834 Fax
office@jtporter-law.com

1   33.    Plaintiff is informed and believes, and thereon alleges that Defendant's actions were

2   part of a practice of Defendant which is designed, among other things, to wrongfully withhold,

3   and/or delay payment of claims with the intent of ignoring the interest of their insured.

4   34.    As a direct and proximate result of Defendants' wrongful conduct, as aforesaid,

5   Plaintiff has sustained severe and serious injury including, but not limited legal fees paid to his

6   attorneys reflecting work attributable to obtaining the contract recovery, economic loss, as well as,

7   to emotional and mental distress, anxiety, frustration, humiliation and indignity all to Plaintiff's

8   damage in a sum within the jurisdiction of this court and to be shown according to proof.

9   **THIRD CAUSE OF ACTION**

10  **(Unfair Business Practice Against All Defendants; Bus. & Prof. Code, §§ 17200, 17500)**

11  35.    Plaintiff re-alleges and incorporates by reference each and every allegation contained

12  in paragraphs 1 through 34 of this complaint, and incorporates same by reference as though set forth

13  here in full.

14  36.    Defendant engaged in the unfair business practice of publicly representing, including

15  through its advertising, that it would timely pay the true value of covered claims.   Defendant

16  engaged in unfair, deceptive, untrue, and/or misleading advertising" by promising to provide timely

17  coverage in the event of a compensable loss, when it had no intention of paying the true value of its

18  insureds' covered claims.

19  37.    The above acts and omissions of Defendants, as herein-alleged, constitute unlawful,

20  unfair, fraudulent and deceptive conduct as proscribed by California Business & Professions Code,

21  Section 17200 et seq.

22  38.    Plaintiff is entitled to and hereby seeks injunctive relief, including a temporary

23  restraining order and/or a preliminary injunction, against Defendant, pursuant to California Business

24  & Professions Code, Section 17204 as herein-alleged, enjoining Defendant from continuing such

25  conduct.

26  //

27

28

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone • (805) 897-1834 Fax
office@jtporter-law.com

**COMPLAINT**

1    39.   Additionally, Plaintiff has incurred and will incur attorneys' fees, in order to obtain

2  relief for Defendant's wrongful conduct, that he would not otherwise incurred.

3    WHEREFORE, Plaintiff prays for judgment against the Defendant, and each of them, as

4  follows:

5    A.    General and Special damages in a sum according to proof;

6    B.    Benefits due under the insurance policy;

7    C.    Punitive damages in an amount to be shown according to proof;

8    D.    For attorney fees in an amount to be shown according to proof;

9    E.    For interest provided by law including, but not limited to, California Civil Code

10  section 3291;

11    F.    Injunctive relief, restitution, and attorneys' fees pursuant to section 1021.5 of the

12  Code of Civil Procedure, as to the Third Cause of Action; and,

13    G.    Costs of suit and for such other and further relief as the court deems proper.

14

15  DATED June 5, 2018                         LAW OFFICE OF JORDAN T. PORTER

16                                              By

17                                              JORDAN T. PORTER
                                                Attorney for Plaintiff HARRY SLOAN

18

19

20

21

22

23

24

25

26

27                              **COMPLAINT**

28                                 Page 9

LAW OFFICE OF JORDAN T. PORTER
225 E. Carrillo Street, Ste. 201
Santa Barbara, CA 93101
(805) 897-1830 Phone (805) 897-1834 Fax
office@jtporter-lawca.com

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

**800 South Victoria Avenue**
**Ventura , CA 93009**
**(805) 289-8525**
**WWW.VENTURA.COURTS.CA.GOV**

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2018-00513288-CU-BC-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.

**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Kent Kellegrew | Ventura | 21 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|
| **EVENT DATE** | **EVENT TIME** | **EVENT DEPT/ROOM** |
| 11/05/2018 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

   **AT THE ABOVE HEARING IS MANDATORY.**
   Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).
   If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

   At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

   To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

   Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 06/12/2018

Clerk of the Court,
By: *Amber Ramirez*
Amber Ramirez, Clerk

VEN-FNR082

**NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE**

VN242

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. Many courts encourage or require parties to try ADR before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at *www.courtinfo.ca.gov/programs/adr/types.htm*. A form for agreeing to use ADR is attached.

### Potential Advantages and Disadvantages

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time<br>• Saves money<br>• Gives parties more control over the dispute resolution process and outcome<br>• Preserves or improves relationships | • May take more time and money if ADR does not resolve the dispute<br>• Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |

### Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial, or want an expert in the subject matter of the dispute to make a decision.

### Local ADR Programs for Civil Cases

**Mediation** – The Ventura Superior Court has maintained a mediation program since April 1, 1993. Its goals are to speed resolution of cases by bringing the parties together before they have made a major economic and emotional investment in litigation, and to increase awareness of this effective method of alternative dispute resolution.

Mediators need not be attorneys, but must have 25 hours of formal mediation training by a recognized mediation training/education provider. Mediator duties include a brief review/preparation time and three hours of hearing time on a pro bono basis and pursuant to such rules as may be designated for mediators by the Ventura Superior Court.

VN242

Party Pay Mediation Panel – The court has a second mediation panel where mediators are paid by the parties rather than offering their services pro bono. Mediators on the "party pay" panel must have completed 25 hours of formal mediation training and have participated as mediator a minimum of 25 court assigned mediations with a minimum hearing time of two hours each from any California Superior Court.  All mediators on the "party pay" panel will provide three hours of mediation services per case at the rate of $150 per hour to be shared equally by all participating parties.

**Arbitration –** Arbitration is normally an informal process in which a neutral person (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties.  The parties can agree to binding or nonbinding arbitration.  Binding arbitration is designed to give each side a resolution of their dispute when they cannot agree between themselves or with a mediator.  If the arbitration is nonbinding, any party can reject the arbitrator's decision and request a trial.

**Mandatory Early Settlement Conference –** The MESC program was implemented through joint efforts of the Superior Court and the Ventura County Bar Association working primarily through the Bench/Bar Subcommittee.  Cases that are appropriate for the program are identified and referred to a settlement officer to conduct a settlement conference.  The parties have the opportunity for a serious exchange of facts, theories, and evaluations at the earliest possible time with an impartial attorney volunteer conducting the conference.  The basic difference between cases assigned to the MESC and Mediation programs is the nature of the case and the relief sought.  If the injury or damage is compensable in money damages and there is no emotional component or "hidden agenda" on the part of one or more of the parties, as is frequently the case in mediation cases, then the case is sent to the MESC program.  MESC may be appropriate when negotiations between the parties have not proven successful.

**Settlement Conference –** Settlement Conferences may be mandatory or voluntary.  In general, if the settlement conference is mandatory, ordered by the judge, the parties to the dispute and their attorneys will meet with a judge who conducts conference aimed at negotiating an agreement to settle the dispute rather than doing through the formal trial process.

**More Information about Court-Connected ADR:** Visit the court's webpage at www.ventura.courts.ca.gov.

**Dispute Resolution Programs Act (DRPA) funded ADR Program -** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code 465 et seq.):
- Ventura Center for Dispute Settlement, 4001 Mission Oaks Blvd., #L, Camarillo, CA 93012
  805-384-1313
- Ventura County District Attorney's Consumer Mediation Unit
  805-654-3110

**Private ADR –** To find a private ADR program or neutral, search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice –** To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial.  ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process.  If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney.  Information about obtaining free and low cost legal assistance is also available on the California Courts Website at www.courtinfo.ca.gov/selfhelp/lowcost.

VN164

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | Telephone Number | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

☐    800 SOUTH VICTORIA AVE. VENTURA, CA 93009

PLAINTIFF/PETITIONER

DEFENDANT/RESPONDENT

| **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |
|---|---|

The parties and their attorneys stipulate that the claim(s) in this action shall proceed to the following alternative dispute resolution process:

☐  Private Mediation                           ☐  Volunteer Mediation _____

☐  Mandatory Early Settlement Conference       ☐  Assignment to Private Judge

☐  Binding Arbitration                         ☐  Non-Binding Arbitration

☐  Other (specify) : _____

It is further stipulated that the deadline for selection of a neutral and completion of the ADR process is: _____

_____
_____

| _____ | _____ |
| Plaintiff (print) | Defendant (print) |
| _____ | _____ |
| Signature of Plaintiff | Signature of Defendant |
| _____ | _____ |
| Plaintiff's Attorney (print) | Defendant's Attorney (print) |
| _____ | _____ |
| Attorney's Signature | Attorney's Signature |

Dated: _____          Dated: _____

**IT IS SO ORDERED.**

   IT IS FURTHER ORDERED THAT: _____

_____
_____

Dated: _____          _____
                                                        Judicial Officer

Optional Form
VN164 (01/02)

**STIPULATION TO USE OF ALTERNATIVE DISPUTE
RESOLUTION PROCESS**

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                         FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE**  ☐ **LIMITED CASE** (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                          Time:                     Dept.:              Div.:                    Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courts.ca.gov |
|---|---|---|

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:       f. Fax number:
   e. E-mail address:         g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b. **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights:   ☐ Yes   ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:


**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy   ☐ Other *(specify)*:
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)*:

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:


**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:


**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:
      Party                           Description                                        Date




   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.